**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| FRANCISCA MIRANDA SERRANO | CIVIL ACTION NO. 26-2395 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| LISA BOWEN, ET AL. | MAGISTRATE JUDGE McCLUSKY |

## MEMORANDUM RULING

Francisca Miranda Serrano ("Petitioner") filed a Petition for Writ of Habeas Corpus and argued that her continued detention violated *Zadvydas v. Davis*, 533 U.S. 678 (2001). Although Petitioner has been detained since October 20, 2025, her continued litigation prevents immigration authorities from carrying out her removal. Petitioner's own actions to prevent her removal means that her continued detention does not violate *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the following reasons, the undersigned declines to adopt the Magistrate Judge's Report and Recommendation, Record Document 11, and denies the habeas corpus petition, Record Document 1. The Motion for Release Pending Adjudication of Habeas Corpus Petition, Record Document 12, is denied as moot.

### Background

Petitioner, a Mexican citizen, entered the United States at some point between the early 1980s and June 1, 1993. Record Documents 1 at 5, 9-1 at 1. She was encountered by Enforcement and Removal Operations ("ERO") at her workplace on July 12, 1995, and placed into removal proceedings. Record Document 9-1 at 1. On

March 8, 1996, Petitioner was ordered removed to Mexico *in abstentia*. *Id.* Petitioner was arrested at her home on October 20, 2025, and transferred to Richwood Correctional Center in Monroe, Louisiana the next day. *Id.* at 1-2.

Petitioner filed a Motion to Reopen immigration proceedings on October 25, 2025, and the Immigration Court denied the motion on February 27, 2026. Record Document 9-1 at 2. An automatic stay of removal was issued while the motion was pending. *Id.* Petitioner then filed a Notice of Appeal and Motion for Stay of Deportation with the Board of Immigration Appeals (BIA) on March 11, 2026. *Id.* The next day, the BIA granted the stay pending completion of appeal proceedings. *Id.* Because of Petitioner's filings with the BIA, U.S. Immigration and Customs Enforcement ("ICE") has not been able to remove her.

Petitioner filed a Petition for Writ of Habeas Corpus, Record Document 1, and the Magistrate Judge issued a Report and Recommendation, Record Document 11, granting relief. Petitioner then filed a Motion for Release Pending Adjudication of Habeas Corpus Petition. Record Document 12. Respondents filed an Objection to the Report and Recommendation, Record Document 13, and an Opposition to the motion for release pending adjudication, Record Document 14.

**Standard**

The district court must review a magistrate judge's decision *de novo* when a party has objected. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). In conducting a *de novo* review, the district court examines the entire record and makes its own independent assessment of the law. *See Hernandez v. Estelle*, 711 F.2d 619,

620 (5th Cir. 1983) ("[T]he statutory obligation of the district court to arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made is not satisfied by a mere review of the magistrate's report itself.").

**Analysis**

Due to her myriad health conditions and ties to the community, there is an understandable desire to release the Petitioner pending her removal. While the undersigned is tempted to question the respondent's public policy rationale for detaining her, it is not the Court's role to do so. It is for our elected leaders, not judges, to decide important matters of public policy. The Court's responsibility is to ensure that the policy passes constitutional muster. It does.

The United States Supreme Court in *Zadvydas* limited post-removal-order-detention to a period "reasonably necessary to bring about the alien's removal from the United States." 533 U.S. at 689. *Zadvydas* recognized that post-removal detention for six months is "presumptively reasonable." *Id.* at 701. But after six months, if removal is not reasonably foreseeable, continued detention is not authorized. *Id.* at 699.

But the removal period is extended when an alien acts to prevent his removal. *See, e.g.*, *Roach v. Holder*, 344 F. App'x 945, 947 (5th Cir. 2009) ("[T]he magistrate judge did not err in finding that [petitioner]'s repeated filings with the BIA constituted acts to prevent his removal, thus extending his removal period[.]"). A petitioner tolls the running of the removal period when he files a petition of review in an appellate court that results in a stay of removal. *Saidur v. Warden Pine Prairie*

*ICE Processing Center*, No. 18-1180, 2019 WL 2180935, at *2 (W.D. La. April 26, 2019) *report and recommendation adopted by*, No. 18-1180, 2019 WL 2180699 (W.D. La. May 20, 2019). 8 U.S.C. § 1231(a)(1)(C) states "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."

Petitioner's continued litigation in the Immigration Court has prevented her removal. She filed a Motion to Reopen her proceedings, which results in an automatic stay while the motion is pending, on October 25, 2025. Record Document 9-1 at 2. This stay of removal was in place until February 27, 2026, tolling the removal period for approximately four months. *Id.* The removal period was again tolled on March 12, 2026, when the BIA granted Petitioner's Stay of Deportation pending the appeal proceedings. *Id.* These filings constitute continuous litigation by the Petitioner to prevent her removal. The Petitioner was scheduled for removal to Mexico, departing March 14, 2026, Record Document 13-2 at 2, and would no longer be in custody but for her actions. Accordingly, Petitioner is not entitled to *Zadvydas* relief and her petition for Writ of Habeas Corpus, Record Document1, is DENIED. A judgment consistent with this memorandum ruling will follow.

**DONE AND SIGNED** at Shreveport, Louisiana, this 29th day of September, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE